UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JEFFREY ALLEN ROWE, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>SGT. ROB MARSHALL, )<br>)<br>Defendant. ) | 1:04-cv-1711-SEB-VSS |

**Entry Discussing Motion for Summary Judgment**

This cause is before the court on the defendant's unopposed motion for summary judgment. For the reasons explained in this Entry, the motion for summary judgment must be **granted.**

**Discussion**

Plaintiff Jeffrey Rowe was formerly confined at the Wabash Valley Correctional Facility ("Wabash Valley"), a prison operated by the Indiana Department of Correction. The defendant is Sgt. Rob Marshall, Coordinator of the (Security Threat Group) STG at Wabash Valley.

The claim remaining in this case following the Entry of January 3, 2005, is that Marshall violated Rowe's right to freely exercise his religion when Wabash Valley officials confiscated a letter addressed to Rowe from the Church of the National Knights, Inc., on July 9, 2004.

Rowe's claim is asserted pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies before bringing a suit concerning prison conditions under § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement applies to the treatment alleged by the plaintiff in his complaint. *Id.* at 532 (the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). "[I]n order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). The analysis which is to be undertaken in these circumstances is the following:

> [I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim . . . . [C]ourts merely need to ask whether the institution has an internal administrative grievance procedure . . . . [I]f such an administrative process is in place, then § 1997e(a) requires inmates to exhaust those procedures before bringing a prison conditions claim.

*Massey v. Helman,* 196 F.3d 727, 733-34 (7th Cir. 1999).

Summary judgment is warranted pursuant to Rule 56(c) of the *Federal Rules of Civil Procedure* "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dept. of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson,* 477 U.S. at 248). Because the plaintiff has not opposed the motion for summary judgment, the court resolves the motion for summary judgment on the basis of the evidence submitted by the defendant. *See Koszola v. Board of Education v. City of Chicago,* 385 F.3d 1104 (7th Cir. 2004). The facts, for this purpose, therefore, are the following:

- At the time pertinent to Rowe's claim in this action, the DOC at Wabash Valley had in place an administrative grievance program. This program is outlined in detail as DOC Policy #00-02-301 (May 1, 2000).

- The administrative remedy program at Wabash Valley is a process, meaning that an inmate must follow the designated procedures (format, timing, content, etc.) at each of the prescribed five (5) steps in order to have fully exhausted the administrative remedy program. DOC policy # 00-02-301, "The Offender Grievance Process," mandates that offenders initiate the offender grievance process within forty-eight hours of the time of the incident or from when the offender became aware of the grievable condition.

- A grievance may be filed and pursued with respect to an issue or condition that personally affects an offender and which is based on the actions of employees over which Wabash Valley has jurisdiction. Allegations of improper confiscation of correspondence are grievable.

- On August 27, 2004, Rowe submitted grievance # WVD-2004-8-156 grieving the July 9, 2004, confiscation of correspondence from the Church of the National Knights, Inc. The grievance was rejected because it was submitted more than 48 hours after Rowe received notice of the July 9, 2004, confiscation.

- Rowe appealed grievance # 2004-8-156 to step two of the grievance process. Rowe's step 2 appeal was also rejected because the initial (August 27, 2004) grievance had not been timely submitted.

Rowe does not dispute the foregoing, *i.e.,* that he did not timely submit his grievance under applicable DOC regulations. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that this action should not have been brought and must now be dismissed without prejudice. See *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 12/12/2005

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana